UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY O'QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12-CV-1733 DDN |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and initial review of the complaint. Based on plaintiff's financial information, the Court finds that he should be permitted to proceed without prepayment of the statutory filing fee. Additionally, after reviewing the complaint, the Court finds that the case should be dismissed for improper venue.

**The Complaint**

Plaintiff, an Illinois resident, brings this action under 42 U.S.C. § 1983. Named as defendants are Pat Quinn (Governor of Illinois), Mike Madigan (Illinois State Speaker of the House), and John Cullerton (President of the State Senate).

Plaintiff alleges that he is a disabled person on Social Security and Medicaid. Plaintiff alleges that the Illinois government has passed a law requiring persons on Medicaid to pay co-payments for doctor's visits and medications. Plaintiff says that he cannot afford to pay such co-payments, and plaintiff believes this constitutes a violation of his constitutional rights.

**Standard**

Title 28 U.S.C. § 1406(a) states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Additionally, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Discussion**

The proper venue in this case is the Southern District of Illinois. See 28 U.S.C. § 1391(b). The question in this action is whether it should be dismissed for improper venue or whether the interests of justice require that the case be transferred to the United States District Court for the Southern District of Illinois.

The interests of justice do not require that the case be transferred because the allegations in the complaint fail to state a claim upon which relief can be granted. There is no constitutional right to free medical care. E.g., Memorial Hospital v. Maricopa County, 415 U.S. 250, 278 (1974) (no "constitutional right to nonemergency medical care at state or county expense . . ."); c.f. Roberson

v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999) (prisoners do not have right to free medical care). As a result, the Court will dismiss this action for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for service of process is **DENIED** as moot. [Doc. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1406(a).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of October, 2012.